LEONARD PEÑA (State Bar No. 192898)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Tel: (626) 396-4000
Fax: (626) 270-4864

Attorneys for Debtor
Philip Joseph Jaurigui,

FILED & ENTERED

SEP 05 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PHILIP JOSEPH JAURIGUI,<br><br>　　Debtor. | Case No. 2:16-bk-24760 RK<br><br>ORDER DENYING 7175 WB, LLC'S MOTION FOR ORDER: (1) AUTHORIZING AND DIRECTING ASSIGNMENT TO 7175 WB, LLC OF AVOIDANCE ACTIONS FOR PROSECUTION ON THE ESTATES BEHALF; (2) EXTENDING, OR TOLLING, DEADLINES FOR COMMENCING AVOIDANCE ACTIONS; (3) DETERMINING NON-APPLICABILITY OF THE DEBTORS HOMESTEAD EXEMPTION TO THE PROPERTY AT 1483 N. OCCIDENTAL BLVD. LOS ANGELES, CA; AND (4) DEFERRAL OF ABANDONMENT OF PROPERTY PENDING A DETERMINATION OF HOMESTEAD EXEMPTION<br><br>Date:  August 27, 2019<br>Time:  2:30 p.m.<br>Place: Courtroom 1675<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012 |

1

7175 WB, LLC'S *Motion For Order: (1) Authorizing And Directing Assignment To 7175 WB, LLC Of Avoidance Actions For Prosecution On The Estates Behalf; (2) Extending, Or Tolling, Deadlines For Commencing Avoidance Actions; (3) Determining Non-Applicability Of The Debtors Homestead Exemption To The Property At 1483 N. Occidental Blvd. Los Angeles, Ca; And (4) Deferral Of Abandonment Of Property Pending A Determination Of Homestead Exemption* ("Motion") came before the hearing on August 27, 2019. Appearances are noted in the Court record.  The Court reviewed the briefing and the record and files herein and is fully informed.

IT IS HEREBY ORDERED that,

1. The Motion is denied without prejudice in part as fully described in the tentative ruling attached hereto.

2. 7175's objections to the Debtor's homestead are overruled with prejudice as fully described in the tentative ruling attached hereto.

3. The Court's tentative ruling is adopted and incorporated herein as the final ruling of the Court.  Attached hereto as Exhibit "A" is a copy of the Court's tentative ruling.

###

Date: September 5, 2019

_____
Robert Kwan
United States Bankruptcy Judge

2

# EXHIBIT "A"

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, August 27, 2019                                                                                   Hearing Room    1675

2:30 PM
**2:16-24760**    **Philip Joseph Jaurigui**                                                                                   Chapter 7

#19.00    Cont'd hearing re: Motion for order: (1) authorizing and directing assignment to 7175 WB, LLC of avoidance actions for prosecution of the estate's behalf; (2) extending, or tolling, deadlines for commencing avoidance actions; (3) determining non-applicability of the debtor's "homestead" exemption to the property at 1483 N. Occidental Blvd., Los Angeles, CA; and (4) deferral of abandonment of property pending a determination of "homestead" exemption
fr. 8/13/19

Docket    123

**Tentative Ruling:**

Revised tentative ruling as of 8/27/19. Deny motion of 7175 WB, LLC as follows:

1) As to request for order authorizing and directing assignment of avoidance actions for prosecution on the estate's behalf, deny without prejudice because the motion itself does not state an adequate legal basis to grant relief. The cited case of In re P.R.T.C., Inc., 177 F.3d 774 (9th Cir. 1999) only involved the situation where a trustee voluntarily transferred its avoidance power rights to a creditor and was not a compelled situation. However, 7175 WB in its reply brief first asserts a legal basis for derivative rights as a creditor to bring avoidance actions on behalf of the estate by cites In re Gibson Group, Inc., 66 F.3d 1436, 1446 (9th Cir. 1995), which recognized the derivative standing of creditors to assert avoidance actions on behalf of a bankruptcy estate upon certain conditions. The court notes that some courts within the Ninth Circuit have adopted a test similar to the Sixth Circuit in In re Gibson Group, as recognized in In re Consolidated Nevada Corp., BAP No. NV 17-1210-FTTi, 2017 WL 6553394 (9th Cir. BAP 2017), slip op. at *7. However, contrary to 7175's contention, the Ninth Circuit did not approve the Gibson Group rule in In re Permatex, Inc., 199 F.3d 1029 (9th Cir. 1999) since that case only held that a

**United States Bankruptcy Court
Central District of California
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar**

Tuesday, August 27, 2019                                             Hearing Room    1675

**2:30 PM**
**CONT...**     **Philip Joseph Jaurigui**                                                       Chapter 7

trustee may stipulate to allow creditors to assert its authority to bring avoidance actions. Nevertheless, 7175's substantive arguments first raised in its reply to the oppositions of Debtor and interested party Alexandra Greenberg is not fair notice to them since they have no right to sur-reply and the reply containing new arguments or matters raised for the first time is a violation of Local Bankruptcy Rule 9013-1(g)(4).

2) As to request for an order extending or tolling deadlines for commencing avoidance actions, deny without prejudice since it has not been established that 7175 may exercise derivative rights to bring the avoidance actions.

3) As to request for determining applicability of debtor's homestead exemption to the property at 1483 N. Occidental Blvd., Los Angeles, CA, deny on grounds that exemptions are defined by law applicable on the petition date, In re Tanzi, 297 B.R. 607, 612 (9th Cir. BAP 2003), and not the conversion date, of a case converted from Chapter 11 to Chapter 7 because exemptions are defined as of the petition date, not conversion date, as case conversion does not affect the petition date. 11 U.S.C. 522(b)(3)(A) and 348(a); Matter of Sandoval, 103 F.3d 20, 22 (5th Cir. 1997) ("to hold that the conversion date control exemption eligibility would be tantamount to assuming that conversion creates a new filing date, an assumption that the statutory words preclude"), citing, 11 U.S.C. 522(b)(2)(A) (now (b)(3)(A)) and 348(a); see also, March, Ahart and Shapiro, Rutter Group California Practice Guide: Bankruptcy, paragraphs 7:130 and 7:161 (online ed., December 2018 update); but see, In re Winchester, 46 B.R. 492, 495 (9th Cir. BAP 1984) (involving case conversion from Chapter 13 to Chapter 7), superseded by statute on other grounds, 11 U.S.C. 348(f)(1)(A), as recognized in In re Earl, 705 Fed. Appx. 584, 586 n. 5 (9th Cir. 2017).

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Robert Kwan, Presiding
Courtroom 1675 Calendar

Tuesday, August 27, 2019                                      Hearing Room    1675

**2:30 PM**
**CONT...**     **Philip Joseph Jaurigui**                                      **Chapter 7**

The majority opinion in Winchester relying upon the inclusion of after-acquired property in a Chapter 13 case as property of the estate as its rationale to make the case conversion date as the operative date for determining exemption is contrary to the statutory language of 11 U.S.C. 348 as the succeeding Chapter 7 case is deemed to have been filed when the original Chapter 13 petition was filed as pointed out by Judge Elliott's concurring opinion in Winchester.

4) As to the request to defer the abandonment of property pending a determination of the value Chapter 7 estate's interest in the Occidental property, deny without prejudice because there is no abandonment of such asset by the trustee since the filing of a no distribution report is not an abandonment. In re Reed, 940 F.2d 1317, 1321 (9th Cir. 1991). There is no technical abandonment of estate assets to the debtor under 11 U.S.C. 521(a)(1) when a trustee filed a no distribution report until the bankruptcy case is closed unless the court orders otherwise. There is no cause to order otherwise as requested by 7175 since it has not established its derivative rights to assert the avoidance actions.

Appearances are required on 8/27/19, but counsel may appear by telephone.

| Party Information |
|---|

**Debtor(s):**

Philip Joseph Jaurigui                          Represented By
                                                            Leonard Pena

**Trustee(s):**

Jason M Rund (TR)                            Pro Se